UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 08-358 (RWR) |
| | : | |
| LABISKA GIBBS | : | |

## MOTION TO SUPPRESS STATEMENT[1]

Pursuant to the provisions of LCrR 47, F.R.Cr.P. 47 and the Fourth and Fifth Amendments to the United States Constitution, defendant Labiska Gibbs, by her attorney, Gary M. Sidell, hereby submits her motion to suppress statements made by the defendant on July 21, 2008, during the execution of a search warrant at her residence. As grounds for her motion, Ms. Gibbs states the following:

---

[1] On December 15, 2008, Ms. Gibbs, by counsel, provided her detailed discovery request to the United States (Document #8).  On Monday, **December 22, 2008,** at approximately **11:35 a.m.**, counsel for Ms. Gibbs received nine (9) CDs, a nine (9) page plea offer, a four (4) page statement of facts and a four (4) page letter purporting to respond to her discovery request, noted above.  Counsel has been informed by Federal Express, the shipper of these materials, that they were picked up from the United States Attorney's Office at 555 Fourth Street, NW, on **Friday, December 19, 2008, at 7:50 p.m**. and scheduled for delivery by 10:30 a.m. on Monday, December 22, 2008.  Counsel for Ms. Gibbs has yet to review the CDs provided in light of other obligations.  Ms. Gibbs is able to file this motion, however, as a result of counsel having received on September 10, 2008, a copy of a three (3) page handwritten statement obtained by Special Agent Jackson of the Library of Congress ("LOC") Office of Investigations from her on July 21, 2008.  Counsel received this three (3) page statement from the United States in its hope of obtaining incriminating information, pre-indictment, at a meeting scheduled for, and which took place on, September 22, 2008.  However, Ms. Gibbs was unsuccessful in having any changes whatsoever made to a boilerplate "de-briefing" letter to prevent the use of statements made during that time and, hence, elected not to have discussions with the United States.  Upon reveiw of the discovery information only recently produced, as well as that promised prospectively but producable at an unknown time, Ms. Gibbs may have further bases for suppression of other items of evidence or further motions.  Counsel further notes that he received, by ECF on Monday, December 22, 2008, the United States' Motion to Have Investigative Agent At Counsel's Table, at trial, see, Document 10, for a trial date not yet set.

1.      On July 21, 2008, as at least ten (10), and perhaps as many as twenty (20), law enforcement officers appeared at Ms. Gibbs' residence, 832 Barnaby Street, SE, apartment 303, Washington, D.C., in order to execute a search warrant.

2.      For the course of that law enforcement presence, and interrogation, at her residence, Ms. Gibbs was "in custody" since she was not free to leave. Miranda v. Arizona, 384 U.S. 436, 444 (1966); Berkemer v. McCarty, 468 U.S. 420, 442 (1984); Orozco v. Texas, 394 U.S. 324 (1969)(defendant questioned in his own home by four (4) police officers, defendant not free to leave).

3.      Present with Ms. Gibbs at her residence were her father, her 16 year old son, and her three (3) year old niece and seven (7) year old nephew. Law enforcement officers informed Ms. Gibbs that she was facing from twenty (20) to forty (40) years in prison with two (2) years for each name involved in this case if she refused to "cooperate" with law enforcement and failed to provide the names of whoever was involved with an identification theft from the Library of Congress ("LOC"). A law enforcement officer informed Ms. Gibbs that, if she cooperated on July 21, 2008, by providing a statement, she would not be, then and there, arrested while being reminded of the alleged potential prison exposure, supra, as her sixteen (16) year old son was brought into the room by law enforcement officers while in handcuffs. Law enforcement officers further informed Ms. Gibbs that she shouldn't want to leave her minor son for a time of 20 to 40 years, referring to the alleged potential prison term, but that if Ms. Gibbs "cooperated," the interrogating officer would "see that Ms. Gibbs gets probation," and if she needed to be moved for her safety, the law enforcement officer would assist Ms. Gibbs in relocating.

4. On July 21, 2008, Ms. Gibbs was not informed of her Miranda rights at any time and those constitutional rights were not included on the three (3) page "statement" obtained by law enforcement officers at that time or on any writing obtained from Ms. Gibbs.

5. On July 21, 2008, as the battalion of law enforcement officers searched her residence, Ms. Gibbs' three (3) year old niece and seven (7) year old nephew were held at gun point.

6. Having not been informed of her right to silence, or any other rights, Ms. Gibbs did not provide any statement, in any format, on July 21, 2008, to law enforcement officers after a knowing, voluntary and intelligent waiver of that right, but solely in her efforts to avoid being taken from her minor family members then present, to avoid the threat of immediate arrest, and to avoid the continuing fear engendered by having weapons pointed at her minor niece and nephew.  Any statements then involuntarily provided were exclusively due to the result of the official coercion and intimidation used to obtain information from Ms. Gibbs that she understood was sought by law enforcement officers as she was then detained in her home at that time, and induced by their express threats and promises to her.  Rhode Island v. Innis, 446 U.S. 291, 301-302 n.7, 303 n.9.

7. Any statements attributed to Ms. Gibbs from July 21, 2008, and resulting from her custodial interrogation by law enforcement officers in her home are inadmissible for use at any subsequent trial as a violation of her constitutional rights and must, therefore, be suppressed since they were not the product of her knowing and voluntary relinquishment of her constitutional rights.   Miranda, supra, at 475-479;

Brewer v. Williams, 430 U.S. 387, 404-406 (1977); Schneckloth v. Bustamonte, 412 U.S. 218, 237-242 (1973); Wong Sun v. United States, 371 U.S. 471, 486 (1963). Promises of leniency, threats of prosecution or guarantees of probation constitute "coercion." See, In re D.L., 486 A.2d 1180, 1182 (D.C. 1985), United States ex rel. Everett v. Murphy, 329 F. 2d 68 (2d Cir. 1964).

Based on the foregoing, in addition to any further arguments that Ms. Gibbs may make upon her receipt of discovery, as requested on December 15, 2008, she urges this Honorable Court to suppress all statements obtained from her on July 21, 2008, by law enforcement personnel.

Respectfully submitted,

_____/s/_____
Gary M. Sidell
1776 K Street, NW
Suite 800
Washington, D.C. 20006
D.C. Bar No. 961847
202-783-0060
202-331-9666 (facsimile)
suitcase@erols.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of this pleading to be served by ECF on all parties to this proceeding this 22nd day of December, 2008.

_____/s/_____
Gary M. Sidell